# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| CARMEN LACY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 1:14-cv-1286-STA-cgc |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING THE DECISION OF THE COMMISSIONER

Plaintiff Carmen Lacy filed this action to obtain judicial review of Defendant Commissioner's final decision denying her application for disability insurance benefits under Title II of the Social Security Act ("the Act") and an application for supplemental security income ("SSI") benefits based on disability under Title XVI of the Act. Plaintiff's applications were denied initially and again upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on March 14, 2013. On May 31, 2013, the ALJ issued a decision, finding that Plaintiff was not entitled to benefits. The Appeals Council denied Plaintiff's request for review, and, thus, the decision of the ALJ became the Commissioner's final decision. For the reasons set forth below, the decision of the Commissioner is **AFFIRMED**.

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the

cause for a rehearing."[1] The Court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision, and whether the correct legal standards were applied.[2]

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] It is "more than a mere scintilla of evidence, but less than preponderance."[4] The Commissioner, not the Court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide a case accordingly.[5] When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.[6]

Plaintiff was born on February 29, 1968, and alleges that she became disabled beginning March 12, 2010. In her disability report, she alleged disability due to nerves, depression, high blood pressure, pain, headaches, slipped disks, and anemia. She has a GED and attended some

---

[1] 42 U.S.C. § 405(g)

[2] *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). *See also Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).

[3] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)).

[4] *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[5] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

[6] *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

vocational school classes. She has past relevant work experience as a retail sales clerk and as a factory worker.

The ALJ enumerated the following findings: (1) Plaintiff met the insured status requirements of the Act through March 31, 2011; (2) Plaintiff has not engaged in substantial gainful activity since the alleged onset date; (3) Plaintiff has the following severe impairments: multi-joint pain, myalgias, hypertension, and mild levoscoliosis of the lumbar spine with low back pain; but she does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. pt. 404 subpt. P, app. 1 of the listing of impairments; (4) Plaintiff retains the residual functional capacity to perform a range of medium work as defined in 20 C.F.R. § 404.1567(c) and 416.(67(c); she is capable of: lifting and carrying up to fifty pounds occasionally and twenty-five pounds frequently; standing and/or walking six hours in an eight-hour workday with normal breaks; sitting six hours in an eight-hour workday with normal breaks; unlimited pushing or pulling; occasional climbing of stairs or ramps, stooping, kneeling, crouching, or crawling; no climbing ladders, ropes, or scaffolds; and she must avoid exposure to workplace hazards such as unprotected heights and moving machinery; (5) Plaintiff is capable of performing her past relevant work, or, alternatively, she can perform work that exists in significant numbers in the national economy, including work as a box bender, laminating machine off bearer, and laundry laborer; (6) Plaintiff has not been under a disability, as defined in the Social Security Act, through the date of the ALJ's decision.[7]

---

[7] R. 12 – 19.

The Social Security Act defines disability as the inability to engage in substantial gainful activity.[8] The claimant bears the ultimate burden of establishing entitlement to benefits.[9] The initial burden of going forward is on the claimant to show that he or she is disabled from engaging in his or her former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background.[10]

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

2. An individual who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that he or she has done in the past will not be found to be disabled.

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.[11]

Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis.[12] Here, the sequential analysis proceeded to the fourth step.

---

[8] 42 U.S.C. § 423(d)(1).

[9] *Born v. Sec'y of Health & Human Servs*, 923 F.2d 1168, 1173 (6th Cir. 1990).

[10] *Id.*

[11] *Willbanks v. Sec'y of Health & Human Servs*, 847 F.2d 301 (6th Cir. 1988).

The ALJ found that Plaintiff could perform her past relevant work as a retail sales attendant or as a production assembler and, therefore, was not disabled within the meaning of the Act. The ALJ also found that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform.

Plaintiff contends that substantial evidence does not support the ALJ's decision. She specifically objects to his weighing of the medical evidence and claims that he failed to perform the requisite evaluation under *Drummond v. Comm'r of Soc Sec.*, 126 F.3d 837 (1997), which held that a prior ALJ decision is binding on a subsequent ALJ unless there is evidence of improvement in the claimant's condition. Plaintiff's arguments are not persuasive.

Looking at the *Drummond* argument first, Plaintiff notes that a previous ALJ's decision from November 16, 2007, had found that she could lift less weight and walk and stand less than as determined by the current ALJ. Plaintiff argues that the ALJ did not justify changing the residual functional capacity from the earlier decision as required by *Drummond* ("Absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ.").[13]

When "a final decision of SSA after a hearing on a prior disability claim contains a finding of a claimant's residual functional capacity, SSA may not make a different finding in adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim unless new and additional evidence or changed circumstances provide a basis for a different finding of the claimant's residual functional capacity."[14] However,

---

[12] 20 C.F.R. § 404.1520(a).

[13] *See also* Acquiescence Ruling ("AR") 98-4(6), 1998 WL 283902 (1998).

[14] *Id.*; *Drummond*, 126 F.3d at 842.

5

"[n]either *Drummond* nor ruling 98–4(6) require the ALJ to make specific comparisons with the evidence supporting the prior final decision. The acquiescence ruling states that the proper inquiry is whether 'new and additional evidence or changed circumstances provide a basis for a different finding of the claimant's residual functional capacity.'"[15] In this case, the ALJ explicitly determined that Plaintiff's "over all physical condition [had] significantly changed," thus satisfying the requirements of *Drummond*.[16] The ALJ's determination is supported by substantial evidence as discussed below. Accordingly, this argument fails.

Next, Plaintiff complains of the ALJ's weighing of the medical evidence. At step four of the sequential analysis, the ALJ compares the claimant's residual functional capacity with the requirements of the claimant's past work.[17] Past relevant work is, generally, a job that was performed within the last fifteen years, performed long enough to learn how to perform the job, and was substantial gainful activity.[18] If the past job did not require the claimant to perform activities in excess of the claimant's residual functional capacity, the claimant will be found not disabled.[19] A claimant must prove that she is unable to return to her past relevant work either as she performed that work or as that work is generally performed in the national economy.[20] In the present case, Plaintiff has failed to carry her burden of proof.

---

[15] *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 725-26 (6th Cir. 2013).

[16] R. 10.

[17] 20 C.F.R. §§ 404.1520(e), 404.1560(b); *see also* Social Security Ruling 82-62, 1982 WL 31386 *3 (S.S.A.).

[18] 20 C.F.R. § 404.1565(a).

[19] 20 C.F.R. §§ 404.1520(e), 404.1560(b), 404.1561.

[20] *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Medical opinions are to be weighed by the process set forth in 20 C.F.R. § 404.1527(c). Generally, an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination,[21] and an opinion from a medical source who regularly treats the claimant is afforded more weight than that from a source who has examined the claimant but does not have an ongoing treatment relationship.[22] In other words, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker."[23] Opinions from nontreating sources are not assessed for "controlling weight." Instead, these opinions are weighed based on specialization, consistency, supportability, and any other factors "which tend to support or contradict the opinion" may be considered in assessing any type of medical opinion.[24]

The ALJ found that Plaintiff could lift up to fifty pounds, stand/walk six hours per day, and sit for six hours per day, among other limitations. Plaintiff argues that medical opinion evidence from consultative doctors suggested that she was limited to lifting only twenty pounds and that she was considerably more limited in sitting, standing, and walking. In support of her argument, she points out that consultative examiner James Warmbrod, M.D., completed a medical source statement form which concluded that Plaintiff could lift only twenty pounds and could sit only four hours during the course of a workday.[25] She also notes that John Woods,

---

[21] 20 C.F.R. §§ 404.1502, 404.1527(c)(1).

[22] *Id.* §§ 404.1502, 404.1527(c)(2).

[23] Soc. Sec. Rul. No. 96–6p, 1996 WL 374180 at *2 (Soc. Sec. Admin. July 2, 1996).

[24] 20 C.F.R. § 404.1527(c).

[25] R. 477-79.

7

M.D., another consultative examiner, indicated that she needed a cane.[26] However, Dr. Woods was unable to make a determination about Plaintiff's residual functional capacity.[27]

Dr. Warmbrod opined that Plaintiff's "subjective complaints were not substantiated by any objective findings" and that her "behavior during the examination was inappropriate."[28] He also noted that he "saw no reason why she would need a cane to ambulate" and concluded that Plaintiff's problems were psychiatric.[29] Despite these findings, Dr. Warmbrod completed a medical source statement form opining that Plaintiff was limited to lifting twenty pounds occasionally or ten pounds frequently, due to neck pain and low back pain; she could sit for thirty minutes at a time, or stand/walk for thirty minutes at a time; she was limited to combined sitting/standing for even hours during the course of a workday; she "required the use of a cane," even though the cane was not "medically necessary;" she could never reach overhead with either hand, and she could only occasionally reach in other directions or push/pull; she was limited in using foot controls; she could not climb ladders or scaffolds; she was limited to occasional postural movements like stooping and kneeling; she could not work around unprotected heights; and she could occasionally operate a motor vehicle.[30]

Both Dr. Woods and Dr. Warmbrod credited Plaintiff's subjective complaints despite evidence that she was attempting to exaggerate her level of limitation during her examination. While Dr. Warmbrod assessed Plaintiff with limitations, the record does not support those

---

[26] R. 419.

[27] *Id.*

[28] R. 475.

[29] *Id.*

[30] R. 477-482.

limitations given his own narrative report. Dr. Woods also assessed Plaintiff with subjective limitations and concluded that he was unable to make a determination about Plaintiff's residual functional capacity because of her lack of cooperation. Exaggeration and symptom magnification weigh against credibility.[31] Therefore, the ALJ could properly find that there was insufficient medical evidence to support their conclusions.[32]

Because the ALJ rejected the conclusions of Dr. Warmbrod and Dr. Woods, Plaintiff claims that the sole evidence cited by the ALJ in assessing her residential functional capacity was the opinion of non-examining consultant Nathaniel Briggs, M.D. To the contrary, the ALJ looked at the record as a whole, including Dr. Briggs's opinion, before concluding that Plaintiff was not credible. In his opinion, Dr. Briggs cited the lack of objective supporting evidence and evidence that Plaintiff was exaggerating her level of impairment. The ALJ may consider a non-examining doctor's opinion in making his determination.[33] The ALJ could properly find that Dr. Briggs's opinion was the best-explained and most consistent in the record.

Moreover, treatment notes from December 2011 revealing that Plaintiff had no tenderness over her back and that she had normal range of motion support the ALJ's decision.[34] Additionally, Plaintiff's treatment by Kelly Ballard, M.D., supports the decision. Dr. Ballard

---

[31] *See Sharp v. Sec'y of Health & Human Servs.*, 9 F.3d 109 (6th Cir. 1993) ("The only evidence in the record that the plaintiff's pain was disabling was her own testimony; testimony the ALJ found to be inconsistent. In contrast, at least two physicians stated that the plaintiff was exaggerating her pain.").

[32] *See* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.").

[33] *See* Social Security Ruling 96-6p, 1996 WL 374180 (S.S.A).

[34] R. 406.

noted that Plaintiff was not very cooperative during assessments, and his handwritten notes contain little clinical reporting consistent with disabling limitations.[35]

Plaintiff complains that there is not one opinion that is consistent with the residual functional capacity finding. Plaintiff's argument is without merit because the assessment of a claimant's residual functional capacity is "based on all the relevant evidence in [the claimant's] case record," and not merely on a doctor's opinion.[36] Here, the ALJ's findings are consistent with the medical evidence of record. As noted above, the ALJ reviewed the record as a whole, including Plaintiff's course of treatment and evidence that she exaggerated her limitations, before finding that she was not as limited as she claimed. Thus, substantial evidence supports the ALJ's determination that Plaintiff was not disabled, and the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: October 10, 2017.

---

[35] R. 424-26, 431, 466-67. *See Gault v. Comm'r of Soc. Sec.*, 535 F. App'x 495, 496 (6th Cir. 2013) (stating that, when there is no treating physician opinion given controlling weight, the ALJ resolves conflicts in the various opinions by considering supportability, consistency, and specialization).

[36] 20 C.F.R. § 404.1545(a)(1), 416.945(a)(1). *See also* 20 C.F.R. § 404.1527(e) (noting that opinions on issues such as a claimant's RFC "are not medical opinions . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability."); SSR 96-5p ("Even though the adjudicator's RFC assessment may adopt the opinions in a medical source statement, they are not the same thing.")